1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5

6    EUGENE DARREL RUTLEDGE, F79385,          Case No.  22-cv-02516-CRB  (PR)

7                    Petitioner,

8              v.                              **ORDER TO SHOW CAUSE**

9    A. L. MARTINEZ, Warden,                   (ECF Nos. 2 & 3)

10                   Respondent.

11         Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility

12   (CTF) in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28

13   U.S.C. § 2254 challenging two disciplinary hearings after which he was found guilty of battery on

14   a peace officer and distribution of a controlled substance and assessed 330 days of time credit.  He

15   also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

16                              **BACKGROUND**

17         In 2020, while petitioner was incarcerated at the Deuel Vocational Institute (DVI) in

18   Tracy, California, he was found guilty of two rule violation reports (RVRs) for battery on a peace

19   officer and distribution of a controlled substance and was assessed 330 days of time credit.

20         Petitioner unsuccessfully challenged the disciplinary findings administratively and in state

21   court until the Supreme Court of California denied his final petition on March 30, 2022.

22         Petitioner then filed the instant petition claiming denial of due process in connection with

23   the disciplinary hearings and the administrative review process that ensued.

24                              **DISCUSSION**

25   A.    Standard of Review

26         This court may entertain a petition for a writ of habeas corpus "in behalf of a person in

27   custody pursuant to the judgment of a State court only on the ground that he is in custody in

28   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

United States District Court
Northern District of California

1    It shall "award the writ or issue an order directing the respondent to show cause why the

2    writ should not be granted, unless it appears from the application that the applicant or person

3    detained is not entitled thereto."  Id. § 2243.

4    B.    Claims

5        To state a claim for violation of due process in connection with a prison disciplinary

6    proceeding, a prisoner must allege facts showing a deprivation of "real substance."  See Sandin v.

7    Conner, 515 U.S. 472, 477-87 (1995).  If the discipline imposed will inevitably affect the duration

8    of a sentence (as it allegedly does here) or imposes "atypical and significant hardship on the

9    inmate in relation to the ordinary incidents of prison life," id. at 484, the procedural protections

10   required include written notice of the disciplinary charges, time to prepare for the hearing, a

11   written statement of decision, allowance for witnesses and documentary evidence when not unduly

12   hazardous, and aid from fellow inmate or staff if the accused inmate is illiterate or the issues

13   complex.  See Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974).  Due process also requires that

14   the disciplinary decision be supported by some evidence in the record.  See Bunsworth v.

15   Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (citing Superintendent v. Hill, 472 U.S. 445, 457

16   (1985)).[1]

17       Liberally construed, petitioner's allegations that prison officials denied him due process in

18   connection with the disciplinary hearing on the battery RVR by denying his request for

19   photographic evidence of the offense scene and by not considering evidence that the officer was

20   not battered by petitioner appear to state arguably cognizable claims under § 2254 for denial of

21   due process.  And liberally construed, petitioner's allegations that prison officials denied him due

22   process in connection with the disciplinary hearing on the distribution RVR by amending the

23   charges after serving them on petitioner and by not considering evidence that exonerated petitioner

24   appear to state arguably cognizable claims under § 2254 for denial of due process.[2]

25   _____

26       [1] Due process does not require that prisons allow inmates to cross-examine their accusers,
     see Wolff, 418 U.S. at 567-68, and does not give rise to a right to counsel in the proceedings, see

27   id. at 569-70.

28       [2] But petitioner's allegations of denial of due process in connection with the administrative
     review process that ensued fail to state a cognizable claim under § 2254 because it is well

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      Petitioner's motion to proceed IFP (ECF No. 2) is GRANTED.

2.      The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The clerk shall serve by mail a copy of this order on petitioner.

3.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the prison administrative and state court record that are relevant to a determination of the issues presented by the instant petition.[3]

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5.      Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also

_____

established that there is no constitutional right to a prison administrative review process.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also Wolff, 418 U.S. at 565 (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions).

[3] Petitioner's motion (ECF No. 3) for an order compelling the Supreme Court of California to produce all relevant court documents is DISMISSED as moot.

United States District Court
Northern District of California

keep the court and all parties informed of any change of address.

The clerk is instructed to terminate the pending motions appearing on ECF as items number 2 and 3.

**IT IS SO ORDERED**.

Dated:   August 9, 2022

_____
CHARLES R. BREYER
United States District Judge